IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE STAFFIN,<br><br>Plaintiff,<br><br>v.<br><br>TOM BOSENKO, et al.,<br><br>Defendants. | No. 2:19-CV-1058-KJM-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (ECF No. 1).

The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Tom Bosenko, the Sheriff of Shasta County; (2) Roger Moore, the Chief of Police for the City of Redding; (3) Jim Milestone, the former Superintendent of the Whiskeytown National Recreation Area; (4) the Shasta Inter-Agency Narcotics Task Force; (5) Leonard Moty, a member of the Shasta County Board of Supervisors; (6) Lester Baugh, a member of the Shasta County Board of Supervisors; (7) the California Highway Patrol; and (8) the United States Drug Enforcement Administration.

Plaintiff claims:

> I was initially named in Benno et al v Shasta County as a plaintiff. I have previously communicated in letter from with this court on this matter. I have experienced the same type of harassments and stalking as the individuals named in the above referenced suit. The city and county agencies within Shasta County jurisdiction named in this document have a long history and behaviors associated with the subversion of California state law as well as federal law. Th[e] individual incidents, dates, and personnel involved are too numerous to mention in brief. I could name other agencies including Shasta County Planning Division Code Enforcement however this and other entities have been engaged at request defendants.

> * * *

> Ongoing warrantless use of electronic(s) surveillance including cell phone, laptop computer and vehicle by cellular radio, ongoing physical police stalking and harassment, denunciation through propaganda and civilian inter-relationship practices, subversion of California state law, federal congressional mandates and provisions concerning "medical cannabis patients following state law" and illegitimate expenditures of federal resources including annual DEA (Drug Enforcement Administration) stipends contract. I have lived at my current residence for over six years. This police harassment began in November 2009 and continues through present. Last known incident approximately June 6, 2019.

> * * *

> I am a PTSD patient, result of childhood trauma, physical, verbal, emotional abuse. The defendants behavior has exaserbated [sic] my condition for years. I ask that a jury consider damages. Compensation monetary or other. I wish the court to order defendants to cease and desist further activities described without a court ordered warrant based on reasonable probable cause indicating a crime or criminal activity. A decade of consistant [sic] incidents outside the law for the sake of political agenda by law enforcement and their supervisors perpetuated upon myself and others is difficult to fathom in a compensatory parameter.

///

## II. DISCUSSION

In considering whether a complaint states a claim, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In this case, the court finds plaintiff's complaint is deficient for the reasons discussed below.

3

### A. Link to Named Defendants

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, plaintiff generally references the "city and county agencies within Shasta County jurisdiction" and alleges a "long history and behaviors associated with the subversion of California state law as well as federal law." Plaintiff does not, however, allege with any further specificity which agencies or individuals named in the complaint are responsible for what behavior. Nor has plaintiff explained which rights were allegedly violated or how the alleged violations occurred. Plaintiff even states: "Th[e] individual incidents, dates, and personnel involved are too numerous to mention in brief." As currently pleaded, the complaint fails to satisfy the requirement of Rule 8, discussed above, that the complaint contain sufficiently specific allegations of actual facts to put any of the named defendants on notice of the nature of plaintiff's claims against them.

### B. Municipal Liability

Plaintiff has named the Shasta Inter-Agency Narcotics Task Force as a defendant. To the extent this defendant is a county municipal entity, plaintiff's allegations are insufficient. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also

Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Plaintiff's complaint is deficient because plaintiff has not alleged with any specificity the existence or implementation of any policy or custom.

### C. Eleventh Amendment Immunity

Plaintiff has named the California Highway Patrol as a defendant. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Because the California Highway Patrol is a state agency, it is immune from suit under the Eleventh Amendment.

### D. Supervisory Liability

The individual defendants named in the complaint are all supervisory personnel. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless

of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

In this case, plaintiff's complaint does not contain any allegations to support the liability of the named individual supervisory defendants because plaintiff does not assert any facts linking such individual defendants to the alleged wrongdoing.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

1         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed with leave to amend; and

2.     Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 9, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE