1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CHRISTOPHER DALE STAFFIN,

     Plaintiff,

     v.

TOM BOSENKO, et al.,

     Defendants.

No.  2:19-CV-01058-KJM-DMC

FINDINGS AND RECOMMENDATIONS

       Plaintiff, who is proceeding pro se, brings this civil action.  The Court screened Plaintiff's original complaint and concluded that Plaintiff failed to state a claim against the named Defendants and provided Plaintiff an opportunity to file a first amended complaint.  See ECF No. 6.  Plaintiff thereafter timely filed a first amended complaint.  ECF No. 7.  As with the original complaint, the Court determined the first amended complaint failed to state a cognizable claim against the named Defendants and provided Plaintiff one final opportunity to amend to allege facts sufficient to show how each of the named Defendants were liable.  See ECF No. 8, pg. 7.  Now pending before the Court is Plaintiff's second amended complaint.  ECF No. 12.

       The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

1

1  from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).

2  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

3  action if the Court determines that it lacks subject matter jurisdiction.  Because Plaintiff has been

4  granted leave to proceed in forma pauperis, the Court will screen the second amended complaint

5  pursuant to § 1915(e)(2).  Pursuant to Rule 12(h)(3), the Court will also consider as a threshold

6  matter whether it has subject-matter jurisdiction.

7

8                      **I.  PLAINTIFF'S ALLEGATIONS**

9              As with the original and first amended complaints, Plaintiff continues to name in

10  his second amended complaint (1) Tom Bosenko, Sheriff, Shasta County Sherriff's Department,

11  (2) Leonard Moty, Supervisor, Shasta County Board of Supervisors, and (3) Lester Baugh,

12  Supervisor, Shasta County Board of Supervisors. ECF No. 12, pgs. 2-3.  Plaintiff no longer

13  names any other defendants.  Id., pg. 7 ("I find it appropriate to drop all other named parties to

14  this matter at this time."); see also ECF Nos. 1, 7.

15              In his second amended complaint, Plaintiff claims jurisdiction of this Court based

16  on federal question due to "police 'due process' violations, ongoing harassment, unwarranted

17  surveillance, [and] electronic surveillance."  ECF No. 12, pg. 4.  Plaintiff alleges the "Shasta

18  Count[y] Board of Supervisors (2009) had no ordinances at the time [Plaintiff's] business was

19  established therefore the Shasta County Sherriff's Department violated [Plaintiff's] constitutional

20  rights to due process of law, hence destroying [Plaintiff's] business and perpetuating ongoing due

21  process [sic] in an attempt repeatedly to criminalize [Plaintiff] illegitimately."  Id., pg. 5.  Plaintiff

22  requests that the Court "injunct the ongoing "'due process' violations that presently have caused

23  compounded ongoing mental and physical stress, exacerbating a serious life[-]threatening medical

24  conditions [sic] (pre-existing)." Id., pg. 6.

25  / / /

26  / / /

27  / / /

28  / / /

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II. DISCUSSION

In considering whether a complaint states a claim, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the Plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the Plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id. (quoting Twombly, 550 U.S. at 557).

/ / /

/ / /

3

Here, the Court finds the second amended complaint suffers deficiencies greater than Plaintiff's previous complaints.  Plaintiff has failed to demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights, allege in specific terms how each named Defendant is involved, or set forth some link or connection between each Defendant and the claimed deprivation.  While the Court is generally more permissive with respect to pro se pleadings, Plaintiff's second amended complaint is simply void of the necessary facts to establish that Plaintiff is entitled to the relief sought.

In its order regarding Plaintiff's first amended complaint, the Court provided Plaintiff with one final opportunity to amend in order to cure any deficiencies and allege facts that show how each of the named Defendants is liable.  Plaintiff failed to make that showing here, as further set forth below.

### A.   Link to Named Defendants

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, Plaintiff states generally that "Shasta Count[y] Board of Supervisors (2009) had no ordinances at the time [Plaintiff's] business was established therefore the Shasta County Sherriff's Department violated [Plaintiff's] constitutional rights to due process of law, hence destroying [Plaintiff's] business and perpetuating ongoing due process [sic] in an attempt repeatedly to criminalize [Plaintiff] illegitimately."  Plaintiff does not (1) identify which of

Plaintiff's rights were allegedly violated, (2) explain how the alleged violations occurred, or (3) allege with any specificity which named Defendants are responsible for what behaviors. Instead, Plaintiff makes a conclusory statement not supported by any factual allegations sufficient to state a claim to relief that is plausible on its face and more than mere speculation.

As pleaded, Plaintiff's second amended complaint fails to satisfy the requirements of Rule 8, discussed above, as it does not contain sufficiently specific allegations of facts to put the named Defendants on notice of the nature of Plaintiff's claims against them.

**B.      Supervisor Liability**

The three Defendants named in the complaint are all supervisory personnel. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

5

1            Plaintiff's second amended complaint fails to contain any allegations to support

2 the liability of the three named supervisory Defendants.  Plaintiff alleges that "Shasta Count[y]

3 Board of Supervisors (2009) had no ordinances at the time [Plaintiff's] business was established

4 therefore the Shasta County Sherriff's Department violated [Plaintiff's] constitutional rights to

5 due process of law, hence destroying [Plaintiff's] business and perpetuating ongoing due process

6 [sic] in an attempt repeatedly to criminalize [Plaintiff] illegitimately."  However, Plaintiff fails to

7 specifically plead any facts linking the named Defendants to any wrongdoing.  Plaintiff's second

8 amended complaint is empty of any facts whatsoever showing how each Defendant was involved

9 and what actions each named Defendant took that caused Plaintiff harm or violated his rights.

10 / / /

11 / / /

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

### III.  CONCLUSION

Despite the Court advising Plaintiff of the pleading defects of his prior complaints and providing him with the appropriate legal standards for pleading a claim, Plaintiff makes no effort here to correct the defects.  ECF No. 8, pg. 8.  Plaintiff was informed that if he submitted a second amended complaint, the Court could not refer to prior pleadings in order to make complete Plaintiff's second amended complaint.  See ECF No. 8, pg. 7; see also Local Rule 220. Thus, all claims previously alleged, which are not alleged in Plaintiff's second amended complaint, are deemed waived.  Given Plaintiff's failure to cure the defects in his second amended complaint, despite being provided two opportunities to do so, the Court finds further leave to amend is not warranted and recommends this action be dismissed in its entirety with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 16, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7